

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Mr. Murchison:

Opinion No. O-4492

Re: Authority of State Department
of Public Welfare to accept
on behalf of Old Age Assist-
ance Fund gifts, deeds, be-
quests of money, and other
property.

Your letter of April 14, 1942, received, in which
you state:

"A Mrs. Atkins is interested in manufactur-
ing and selling a product to be known as Atkins
Ointment and it is her desire to give a percent-
age of the sale of this product to the Old Age
Assistance Fund.

"Mrs. Atkins also desires to advertise her
product on the basis that a certain percentage of
the sale price would go to the Old Age Assistance
Fund.

"Your consideration and advice on these ques-
tions will be appreciated."

Article II, Sec. 12, Subsection (d) of H. B. No. 8
(being the original Act of the Legislature passed in 1936 by
the 44th Legislature) creating the Old Age Commission, which
is now Article 6243-1, Section 11, Subsection (g) Vernon's
Annotated Revised Statutes, provides that:

"The Commission is authorized to accept
on behalf of the Old Age Assistance Fund any
gifts, deeds, or bequests of any money or other
property, the proceeds of which shall accrue

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to the benefit of the Old Age Assistance Fund.
In making such gifts or contributions the donor
shall attach no conditions whatsoever. The
sole management and disposition of the property
so received shall be in the Commission."

The Legislature in 1941 by H. B. No. 611, p. 914,
General and Special Laws of the 47th Legislature, rewrote in
many respects the Public Welfare Act. Section 44 of the Act
passed in 1941 reads:

"Article 2 of H. B. No. 8, Acts 44th Legis-
lature, Third Called Session, is hereby repeal-
ed."

It thus appears that the Legislature, by repealing
the gift clause in the original statute, has adopted the policy
of not permitting the Board to receive gifts.

The general policy of the law is that the various
boards and agencies appointed by the state can exercise only
such powers and prerogatives as the Legislature may bestow.
Many of our State boards and agencies are specifically author-
ized to accept gifts and donations. In Re Beck's Estate v.
Barnard, 121 Pac. 784, the Supreme Court of Montana held that
the State Orphans Home could not, in the absence of authoriza-
tion by statute, accept a bequest under a will.

Since the Legislature has not given the State Depart-
ment of Public Welfare authority to accept gifts for and on be-
half of the Old Age Assistance Fund, and since it did in 1941
repeal the statute which authorized said Board under certain
conditions to accept donations, it is our opinion that the
State Department of Public Welfare can not now accept donations.

APPROVED MAY 4, 1942

*Signature*

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Signature*

Geo. W. Barcus
Assistant


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN